UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BYRON JACKSON,                                          )
                                                        )          **COMPLAINT**
                                    Plaintiff,           )
                                                        )          **JURY TRIAL DEMANDED**
        -against-                                       )
                                                        )
THE CITY OF NEW YORK; THE CITY OF NEW )
ROCHELLE; NYPD DETECTIVE JAMES          )
ROPENUS, Shield No. 7636; ESTATE OF     )
DECEASED NYPD DETECTIVE RAYMOND        )
ABEAR,[1] Shield No. 3740; ADMINISTRATOR  /  )
ADMINISTRATRIX (name presently unknown) OF )
THE ESTATE OF DECEASED NYPD             )
DETECTIVE RAYMOND ABEAR, Shield No.     )
3740; NYPD DETECTIVE CHRISTOPHER       )
DELMAR, Shield No. 4265; NYPD DETECTIVE )
SERGEANT DOUGLAS BISCARDI, Shield No.   )
116; NYPD DETECTIVE SERGEANT PEARL     )
POON, Shield No. 2530; NEW ROCHELLE     )
DETECTIVE (or other rank) SEAN KANE; JOHN )
DOES; RICHARD ROES; MICHAEL MOES; and  )
PAUL POES,                                              )
                                                        )
                                    Defendants.          )
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiffs seeks relief for the defendant's violation

of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States

Constitution, including its Fourth and Fourteenth Amendments and by the laws and Constitution of

the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative

and equitable relief, an award of costs and attorney's fees, and such other and further relief as this

court deems equitable and just.

---

1 Detective Abear died on April 13, 2020.  It is unknown if an estate has yet been established for
him.  If Plaintiff determines that an estate has not yet been established for him, then one will be
established for purposes of this action.

**JURISDICTION**

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

**JURY TRIAL DEMANDED**

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**VENUE**

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

**NOTICE OF CLAIM**

6.      Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New York on April 30, 2019.  Plaintiff filed a timely Notice of Claim with the City of New Rochelle Department of Law on May 1, 2019.  More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

7.      Plaintiff at all times relevant herein was a resident of the State of New York. Plaintiff is African-American.

2

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendant THE CITY OF NEW ROCHELLE is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW ROCHELLE assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10.      Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; ESTATE OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; ADMINISTRATOR  / ADMINISTRATRIX (name presently unknown) OF THE ESTATE OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; ESTATE OF DECEASED NYPD

DETECTIVE RAYMOND ABEAR, Shield No. 3740; ADMINISTRATOR /

ADMINISTRATRIX (name presently unknown) OF THE ESTATE OF DECEASED NYPD

DETECTIVE RAYMOND ABEAR, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER

DELMAR, Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS BISCARDI, Shield

No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530; and JOHN DOES,

are and were at all times relevant herein acting under color of state law in the course and scope of

their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF

NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by

THE CITY OF NEW YORK and the New York City Police Department, and were otherwise

performing and engaging in conduct incidental to the performance of their lawful functions in the

course of their duties.  Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636;

ESTATE OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740;

ADMINISTRATOR / ADMINISTRATRIX (name presently unknown) OF THE ESTATE OF

DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; NYPD DETECTIVE

CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS

BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530;

and JOHN DOES, are sued individually.

      11.    Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; ESTATE

OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740;

ADMINISTRATOR / ADMINISTRATRIX (name presently unknown) OF THE ESTATE OF

DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; NYPD DETECTIVE

CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS

BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530;

4

and RICHARD ROES, are and were at all times relevant herein duly appointed and acting

supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the

New York City Police Department, responsible for the training, retention, supervision, discipline

and control of subordinate members of the police department under their command.  Defendants

NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; ESTATE OF DECEASED NYPD

DETECTIVE RAYMOND ABEAR, Shield No. 3740; ADMINISTRATOR  /

ADMINISTRATRIX (name presently unknown) OF THE ESTATE OF DECEASED NYPD

DETECTIVE RAYMOND ABEAR, Shield No. 3740; NYPD DETECTIVE SERGEANT

CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE DOUGLAS BISCARDI,

Shield No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530; and

RICHARD ROES, are and were at all times relevant herein acting under color of state law in the

course and scope of their duties and functions as supervisory officers, agents, servants, and

employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with

the power and authority vested in them by THE CITY OF NEW YORK and the New York City

Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful functions in the course of their duties.  Defendants NYPD DETECTIVE

JAMES ROPENUS, Shield No. 7636; ESTATE OF DECEASED NYPD DETECTIVE

RAYMOND ABEAR, Shield No. 3740; ADMINISTRATOR  / ADMINISTRATRIX (name

presently unknown) OF THE ESTATE OF DECEASED NYPD DETECTIVE RAYMOND

ABEAR, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER DELMAR, Shield No. 4265;

NYPD DETECTIVE SERGEANT DOUGLAS BISCARDI, Shield No. 116; NYPD DETECTIVE

SERGEANT PEARL POON, Shield No. 2530; and RICHARD ROES, are sued individually.

12.    Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and MICHAEL

5

MOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW ROCHELLE and/or the New Rochelle Police Department.  Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and MICHAEL MOES, are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the THE CITY OF NEW ROCHELLE and/or the New Rochelle Police Department, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW ROCHELLE and/or the New Rochelle Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and MICHAEL MOES, are sued individually.

13.     Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and PAUL POES, are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of the State of New York and/or the New York State Department of Corrections and Community Supervision (DOCCS), an agency of the State of New York, responsible for the training, retention, supervision, discipline and control of subordinate members of DOCCS under their command.  Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and PAUL POES, are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant DOCCS, were acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and PAUL POES, are sued individually.

6

## STATEMENT OF FACTS

**Events of February 4, 2019**

14.    On or about 12:30 p.m. on February 4, 2019 Plaintiff (who is a black male) was unlawfully stopped and seized against his will, and without legal justification, on 116th Avenue near the intersection with 146th Street in Queens, NY, by Defendant ROPENUS and approximately five JOHN DOES other members of the NYPD.

15.    Defendant ROPENUS is assigned to the NYPD's Queens Special Victims Squad.

16.     Defendant ROPENUS and the JOHN DOES asked Plaintiff where he was coming from and where he was going, and told Plaintiff that the night before a woman had been assaulted by a black male wearing a similar coat (a black flight coat / bomber jacket) to the coat Plaintiff was wearing.

17.    Defendant ROPENUS and the JOHN DOES unlawfully pressured Plaintiff into handing over his identification and allowing them to take photographs of Plaintiff and his identification.

18.    Plaintiff was then permitted to go on his way.

19.    Defendant ROPENUS and the JOHN DOES also took notes during their interaction with Plaintiff.

**Events of February 8, 2019**

20.    On or about 8:30 p.m. on February 8, 2019, Plaintiff was then unlawfully stopped and seized against his will on Harrison Street near the intersection with Main Street in New Rochelle, NY, by Defendant KANE, a Detective (or other rank) in the New Rochelle Police Department.

21.    Plaintiff lives in New Rochelle, and knew Defendant KANE from a prior interaction.

22.    Detective KANE informed Plaintiff that there was a warrant for his arrest.

23.    On information and belief, that statement was a lie, and there was no warrant that had been issued for Plaintiff's arrest by any judge.  On information and belief, the NYPD had issued what is known as an i-card (an NYPD request within the NYPD or to other law enforcement agencies that someone be taken into custody, but which request has never been evaluated by any judge concerning any probable cause justification), and that i-card had been shared with the New Rochelle Police Department, who were requested to arrest Plaintiff on behalf of the NYPD.

24.    Plaintiff told Defendant KANE that there was no warrant out for his arrest.

25.    Defendant KANE told Plaintiff that he needed to check Plaintiff's identification to make sure if there was or was not a warrant, and Plaintiff gave Defendant KANE his identification.

26.    Despite there being no legitimate legal justification for Plaintiff's arrest, Defendant KANE handcuffed Plaintiff.

27.    Defendant KANE handed Plaintiff off to a MICHAEL MOE member of the New Rochelle Police Department who arrived at the scene after Plaintiff was handcuffed by Defendant KANE, and the MICHAEL MOE then took Plaintiff to a New Rochelle Police Station in a car.

28.    Plaintiff asked the MICHAEL MOE what the alleged warrant contained, and the MICHAEL MOE responded that he did not know, except that it had to do with the NYPD's Queens Special Victims Unit (the proper name of the unit, on information and belief, is the NYPD Queens Special Victims Squad).

29.    At the New Rochelle Police Station Plaintiff was placed in a cell, and held there for approximately two hours.

30.    A box cutter that Plaintiff had in his possession, that had been taken from him by Defendants KANE and the MICHAEL MOE who transported him to the New Rochelle police

station upon his arrest, has never been returned to Plaintiff.

      31.    Detective ABEAR and another JOHN DOE member of the NYPD's Queens Special Victims Squad picked Plaintiff up from the New Rochelle Police Station and unlawfully brought Plaintiff in their custody to Queens (on information and belief, to the NYPD 112th Precinct) in an NYPD police car.

      32.    At the precinct Plaintiff was placed into an interrogation room, and handcuffed to a wall.

      33.    Detective ABEAR and the JOHN DOE then proceeded to question Plaintiff about Plaintiff's whereabouts, about Plaintiff's wife's home in Queens, and about an incident that occurred on January 19-20, 2019 that Plaintiff had no connection with, or knowledge of.

      34.    Detective ABEAR and the JOHN DOE questioned Plaintiff nonstop for approximately three hours.

      35.    Plaintiff was not in Queens on January 19-20, 2019, and the Defendants had no reasonable basis to believe that he was, or that he was involved in the commission of any crime on those dates.

      36.    Detective ABEAR and the JOHN DOE unlawfully made Plaintiff unlock his cellular phone so that they could unlawfully inspect its contents.

      37.    Detective ABEAR and the JOHN DOE then unlawfully took Plaintiff's cellular phone out of the room.

      38.    During the questioning Detective ABEAR falsely told Plaintiff that Plaintiff's semen had been found inside of a woman in relation to a sexual assault.

      39.    After the approximately three hours in the interrogation room Plaintiff was informed by Detective ABEAR and the JOHN DOE that Plaintiff's wife had retained a lawyer, and that they

were going to release Plaintiff.

40.    Plaintiff was ultimately released at approximately Noon on February 9, 2019, from the 112th precinct in Queens.

41.    When Plaintiff was released from the 112th Precinct his jacket and cell phone were not returned to him.

42.    Plaintiff's jacket and cell phone still have not been returned to him despite a number of phone calls Plaintiff made thereafter to Detectives ROPENUS and ABEAR, who told Plaintiff that his phone was being sent to a company to be unlawfully opened / accessed against his will, and, on information and belief, either without a warrant or with a warrant that was issued in the clear absence of probable cause and / or based upon misrepresentations by members of the NYPD.

43.    Property invoices were issued to Plaintiff by a Defendant DELMAR, and listed Detectives ABEAR and ROPENUS as the investigating Detectives.

44.    Supervisors listed on the property invoices were Detective Sergeant BISCARDI, and Detective Sergeant POON.

45.    During one of his telephone calls concerning his seized property, Plaintiff was told by either Detective ROPENUS or Detective ABEAR that a warrant had been issued for his arrest by a judge named Tony Cimino, but no copy of that supposed warrant has ever been provided to Plaintiff.

46.    Plaintiff's cellular phone was an iPhone X, that cost Plaintiff approximately $1,300.

**FIRST CLAIM**

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

47.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

48.    By their conduct and actions in falsely arresting and imprisoning, assaulting and battering, unlawfully stopping, searching, and seizing, wrongfully prosecuting, abusing process against, violating the rights to due process and equal protection of, failing to intercede on behalf of, and fabricating an account and /or evidence with regard to, Plaintiff and his property, Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; ESTATE OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; ADMINISTRATOR / ADMINISTRATRIX (name presently unknown) OF THE ESTATE OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530; NEW ROCHELLE DETECTIVE SEAN KANE; JOHN DOES; and MICHAEL MOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

49.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

50.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

51.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; ESTATE OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; ADMINISTRATOR / ADMINISTRATRIX (name presently unknown) OF THE ESTATE OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530; NEW ROCHELLE DETECTIVE SEAN KANE; RICHARD ROES; and PAUL POES, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

52.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## **THIRD CLAIM**

### **LIABILITY OF THE CITY OF NEW YORK AND THE CITY OF NEW ROCHELLE FOR CONSTITUTIONAL VIOLATIONS**

53.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54.     At all times material to this complaint, defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE, acting through their police departments, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and

proximate cause of the unconstitutional conduct alleged herein.

55.    At all times material to this complaint, defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE, acting through their police departments, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

56.    At all times material to this complaint, the defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE, acting through their police departments and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

57.    At all times material to this complaint, the defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE, acting through their police departments and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon black and Latino / Latina young men. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

58.    At all times material to this complaint, the defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE, acting through their police departments and through the

individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs and/or usages of treating i-cards or other similar requests within or between law enforcement agencies to apprehend an individual as though they were judicially signed arrest warrants, even though the i-cards and other similar requests were never reviewed by or approved by any judicial officer. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

59.    At all times material to this complaint, the defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE, acting through their police departments and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs and/or usages of unlawfully seizing and searching arrestees' property and not returning it to the arrestee. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

60.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**FOURTH CLAIM**

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS**

61.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62.    The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City and New Rochelle police officers / supervisors, and/or while they were acting as agents

and employees of defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE,

and, as a result, defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE

are liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

63.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily

injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise

damaged and injured.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

64.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

65.     By the actions described above, defendants caused plaintiff to be falsely arrested and

imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any

right or authority to do so.  The acts and conduct of the defendants were the direct and proximate

cause of injury and damage to the plaintiff and violated his statutory and common law rights as

guaranteed by the laws and Constitution of the State of New York.

66.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily

injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise

damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

67.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

68.     By the actions described above, defendants did inflict assault and battery upon the

15

plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### NEGLIGENCE

70.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71.    The defendants, jointly and severally, negligently caused injuries and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

73.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74.    Defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the

defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### CONSTITUTIONAL TORT

76.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77.    Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

78.    A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

79.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

80.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

81.    The defendants willfully, wrongfully and unlawfully trespassed upon the property

17

and person of plaintiff.

82.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## ABUSE OF PROCESS

83.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

84.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## MALICIOUS PROSECUTION

86.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18

87.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

88.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### CONVERSION / REPLEVIN

89.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

90.     Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91.     Plaintiff demands that his property be returned to him forthwith.

92.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

93.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

94.    By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

95.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  The immediate return of his property;

f.  Such other and further relief as this court may deem appropriate and equitable.

Dated:          New York, New York
                May 1, 2019

                                          __/S/__Jeffrey A. Rothman_____
                                          JEFFREY A. ROTHMAN, Esq.
                                          Law Office of Jeffrey A. Rothman
                                          305 Broadway, Suite 100
                                          New York, New York 10007
                                          (212) 227-2980

                                          Attorney for Plaintiff