**Jeffrey A. Rothman**
Attorney at Law
305 Broadway, Suite 100
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

May 27, 2020

By ECF (and by email) To:
The Honorable Cathy Seibel
United States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    <u>Jackson v. City of NY, et al.</u>; 20 Civ. 3433 (CS) (LMS)

Dear Judge Seibel:

    I am counsel for Plaintiff in the above-captioned action.  In light of the Coronavirus public health crisis, I write to respectfully request a pre-motion conference - or an Order based solely on letter briefing, should the Court wish to dispense with the conference - concerning Plaintiff's request for (1) an Order allowing Plaintiff to serve the individual NYPD Defendants via email at their official NYPD email addresses; and (2) an Order compelling the City of New York to inform me what their official NYPD email addresses are so that Plaintiff can effect service in that manner;[1] and (3) permitting the deposition, in the immediate near future and prior

---

[1] In the alternative, Plaintiff requests leave to either (1) serve the individual NYPD Defendants solely by regular mail, or (2) if the Court will require personal service as in the pre-Coronavirus world, I respectfully request that the Court extend the deadline for service for all defendants to October 30, 2020 (the 90 day deadline by which to effect service on these individuals is presently July 30, 2020), so that personal service (and the required follow-up service by mail) can be done safely for all involved (hopefully by that date the public health crisis will have lessened). Concerning the New Rochelle Defendants, the New Rochelle Law Department ignored an email from me upon the filing of the Complaint, seeking their permission to serve them by email.  So I recently mailed them requests for waiver of service pursuant to Fed.R.Civ.P. 4 (d).  While I have been plaintiffs' counsel in countless actions against the City of NY and its police, this is the first time that I have instituted an action against New Rochelle and its police, so I will serve them in the traditional manner – with cost-shifting under Fed.R.Civ.P. 4 (d) should they fail to timely return the service waivers.  My regular process server is not operating at present, however, due to the Coronavirus pandemic, so I also respectfully request an extension through October 30, 2020 to serve the New Rochelle Defendants.

to the onset of formal discovery, of the widow of deceased NYPD Detective Raymond Abear, who died a couple of weeks before the filing of this action, so that the information necessary to name the correct successor party can be obtained and that individual amended into the action as an additional Defendant (and compelling the City of NY to provide me with Ms. Abear's address, phone number, and email address so that I can serve her with a subpoena for a deposition to be conducted by Zoom, and for leave to serve that subpoena upon her by email or text message).  Opposing counsel, Hannah Faddis, Esq., has informed me that the City opposes the application.

**Request for leave to serve the individual NYPD Defendants via their official NYPD email addresses**

      The City of New York has been served at the email address established for that purpose (that New York City Law Department announcement permitting temporary email service on the City is filed herewith as **Exhibit 1**).  That notice states in relevant part as follows: "Please note that service will be accepted via this method only for the City of New York and entities for which the Law Department is authorized to accept service. Service of process on individuals should continue to proceed in manner required by applicable law."  Service of process at NYPD commands - the individual Defendants' actual place of business - is both impracticable and dangerous at this juncture due to the Coronavirus, however.  It is just a plainly terrible idea for everyone involved (for members of the NYPD, for a process server and their office staff, and for the general public) to require in-person service in this age of social distancing.  Even service by regular mail can potentially spread the virus.  It is infinitely safer to serve by email, as much is still not known about the Coronavirus and how easily it can be transferred hand to hand and via surfaces, and how long it can last on surfaces like envelopes.  By the time the service papers would reach the individual Defendants they would have to be passed from my hands to postal employees' hands, to the hands of other police personnel who initially receive them, and who then transfer the service papers to the individual Defendants.  Many judges, Your Honor included, have forbidden any papers from being sent to chambers - either by hand or by mail, absent special hardship - for precisely this reason.  By contrast, there is no chance at all of spreading the Coronavirus via email service.  To serve the individual NYPD Defendants by either personal service or by regular mail puts many postal and NYPD employees (and all of their families and others they interact with, and the society at large) at an entirely unnecessary - and possibly fatal - serious health risk.

      Email service via the individual Defendants' NYPD email addresses will be effective and efficient, as well as infinitely safer.  Every active member of the NYPD has an NYPD departmental email address which they are required, as part of their standard and ongoing job responsibilities, to check for communications from their superiors in the NYPD and for other official communications. *See*, NYPD Patrol Guide 203-27 (filed herewith as **Exhibit 2**) at page 1 of 3, item # 8 (requiring all members of the NYPD to check their department email at least once during each tour).  For these reasons, at least during the current public health crisis, the Court should permit the individual Defendants to be served via their NYPD email addresses (and require those NYPD email addresses to be disclosed to Plaintiff by the City so that such email service can be effectuated).  *See*, e.g., Ransome v. Epstein, 2018 U.S. Dist. LEXIS 15295, at *2-3 (S.D.N.Y. Jan. 30, 2018) (Koeltl, J.) (setting forth the standards for alternate service).

There have been recent rulings in other cases - by Magistrate Judge Parker in <u>Jones v. City of NY, et al.</u>, 18 Civ. 4064 (GBD) (KHP), docket # 97, and by Magistrate Judge Levy in <u>Mascarinas et al. v. City of New York, et al.</u>, 20 Civ. 1235 (RPK) (RML) (EDNY) (Docket Text Order of April 23, 2020 - in which they authorized service by mail rather than by email. Plaintiff's counsel in those cases (who is a friend of mine) as I recall was not seeking leave to serve the individual members of the NYPD directly via their NYPD email addresses, however, but rather via the Law Department's email service address and via the email address of the NYPD's Director of Civil Matters.  In any event, for the reasons stated herein, email service directly to the individual Defendants at their NYPD email addresses would easily be the safest and most appropriate manner of service under the current conditions.

**Request for leave to depose in the immediate near future the widow of deceased NYPD Detective Raymond Abear, and related relief**

Detective Abear, as described in the Statement of Facts in the Complaint, was a critical tortfeasor in this case.  He died on April 13, 2020, a couple of weeks before the filing of the Complaint in this matter on May 1, 2020.  I have been asking the NY City Law Department and the NYPD via numerous emails, and in a conversation with Ms. Faddis on May 13, 2020, to either provide me with his widow, Catherine Abear's, contact information,[2] or to provide me with the information I need to name a proper party in lieu of him (*i.e.*, I need the name of any executor for Det. Abear's will, or any Administrator / Administratrix for any estate that has been established, or - if there was no will and no estate has been established - whether and when an estate is expected to be established).[3]  I know through the internet only that Det. Abear lived in Queens, and though I have requested information from the Queens Surrogate's Court, they will be closed until at least June 6, 2020, and I am told by colleagues that they take a very long time even in normal times to respond to requests for information.  When I spoke to Ms. Faddis on May 13th she asked me to give her until May 22, 2020 to obtain the information I needed for me before making the instant application.  I granted her that courtesy, as I wish to both avoid unnecessary expenditure of time on this and to also to avoid any unnecessary emotional disturbance to Ms. Abear during this difficult time for her.  On May 22nd, however, Ms. Faddis emailed me to say that she still had no substantive information for me, and that "we" (presumably the Law Department and NYPD) still had not spoken with Ms. Abear, and that she would follow up again by the end of this week.  Plaintiff needs to get this information and get the proper party added, however, and should have to continue to be strung along indefinitely.

---

[2] Hopefully Ms. Abear will speak to me voluntarily to give me the information I need. If not, the proposed subpoena to her for a deposition to be held via Zoom or other remote means on June 25, 2020 is annexed hereto as **Exhibit 3** (with Ms. Abear's address and other contact information to please be ordered provided to me by the City of NY).  Plaintiff also requests leave to serve the subpoena on Ms. Abear via her email address and / or text message to her cell phone number (which information the City of NY should also be ordered to provide to me) for the public safety reasons discussed *supra* in relation to the NYPD Defendants.

[3] If no estate will soon be set up, then I will have to have an estate be established for him through the Queens Public Advocate's office.

3

I thank the Court for its consideration in this matter.

                                              Respectfully submitted,

                                              /S/

                                              Jeffrey A. Rothman  
                                              Attorney for Plaintiff