UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| BYRON JACKSON, ) | |
| ) | **THIRD AMENDED** |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| -against- ) | **JURY TRIAL DEMANDED** |
| ) | |
| THE CITY OF NEW YORK; THE CITY OF NEW ) | 20 Civ. 3433 (CS) |

THE CITY OF NEW YORK; THE CITY OF NEW )   20 Civ. 3433 (CS)
ROCHELLE; NYPD DETECTIVE JAMES                )
ROPENUS, Shield No. 7636; CATHERINE           )
ABEAR, Administrator of the estate of deceased )
NYPD Detective Raymond Abear, Shield No.      )
3740; [1] NYPD DETECTIVE CHRISTOPHER          )
DELMAR, Shield No.4265; NYPD DETECTIVE        )
SERGEANT DOUGLAS BISCARDI, Shield No.         )
116; NYPD DETECTIVE SERGEANT PEARL            )
POON, Shield No. 2530; NYPD DETECTIVE         )
ANDREW ERATO; NYPD DETECTIVE DANIEL)
CRUZ; NEW ROCHELLE DETECTIVE (or other )
rank) SEAN KANE; JOHN DOES; RICHARD           )
ROES; MICHAEL MOES; and PAUL POES,            )
                                               )
                               Defendants.    )
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiffs seeks relief for the defendant's

violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the

United States Constitution, including its Fourth and Fourteenth Amendments and by the laws and

Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and

---

1 Detective Abear died on April 13, 2020.  An Administration Petition seeking to establish an
Estate of Raymond Abear was filed on August 10, 2020 by an attorney named Shiva Bahmani
from the law office of Karasyk and Moshchella LLP under File # 2020-2941 in the Queens
County Surrogate's Court.  On May 6, 2021 the Surrogate's Court of the State of New York,
Queens County, issued a Certificate of Appointment, certifying that Letters in the estate of the
Decedent (Raymond Abear aka Raymond C Abear) had been granted by that court, naming
Catherine Abear the fiduciary appointed concerning the estate.

punitive, affirmative and equitable relief, an award of costs and attorney's fees, and such other

and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same

case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded

herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New

York on April 30, 2019.  Plaintiff filed a timely Notice of Claim with the City of New Rochelle

Department of Law on May 1, 2019.  More than 30 days have elapsed since the filing of the

Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff at all times relevant herein was a resident of the State of New York.

Plaintiff is African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York.  It is authorized

by law to maintain a police department, which acts as its agent in the area of law enforcement

and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the

risks incidental to the maintenance of a police force and the employment of police officers as said

risk attaches to the public consumers of the services provided by the New York City Police

Department.

9.      Defendant THE CITY OF NEW ROCHELLE is and was at all times relevant

herein a municipal entity created and authorized under the laws of the State of New York.  It is

authorized by law to maintain a police department, which acts as its agent in the area of law

enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW

ROCHELLE assumes the risks incidental to the maintenance of a police force and the

employment of police officers as said risk attaches to the public consumers of the services

provided by the New Rochelle Police Department.

10.      Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; ESTATE

OF DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; CATHERINE

ABEAR, Administrator of the estate of deceased NYPD Detective Raymond Abear, Shield No.

3740; NYPD DETECTIVE CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE

SERGEANT DOUGLAS BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT

PEARL POON, Shield No. 2530; NYPD DETECTIVE ANREW ERATO; NYPD DETECTIVE

DANIEL CRUZ; and JOHN DOES, are and were at all times relevant herein duly appointed and

acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New

York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW

YORK.  Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; ESTATE OF

DECEASED NYPD DETECTIVE RAYMOND ABEAR, Shield No. 3740; CATHERINE

ABEAR, Administrator of the estate of deceased NYPD Detective Raymond Abear, Shield No.

3740; NYPD DETECTIVE CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE

SERGEANT DOUGLAS BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT

PEARL POON, Shield No. 2530; NYPD DETECTIVE ANREW ERATO; NYPD DETECTIVE

DANIEL CRUZ; and JOHN DOES, are and were at all times relevant herein acting under color

of state law in the course and scope of their duties and functions as officers, agents, servants, and

employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with

the power and authority vested in them by THE CITY OF NEW YORK and the New York City

Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful functions in the course of their duties.  Defendants NYPD

DETECTIVE JAMES ROPENUS, Shield No. 7636; CATHERINE ABEAR, Administrator of

the estate of deceased NYPD Detective Raymond Abear, Shield No. 3740; NYPD DETECTIVE

CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS

BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No.

2530; NYPD DETECTIVE ANREW ERATO; NYPD DETECTIVE DANIEL CRUZ; and

JOHN DOES, are sued individually.

      11.     Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636;

CATHERINE ABEAR, Administrator of the estate of deceased NYPD Detective Raymond

Abear, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER DELMAR, Shield No. 4265;

NYPD DETECTIVE SERGEANT DOUGLAS BISCARDI, Shield No. 116; NYPD

DETECTIVE SERGEANT PEARL POON, Shield No. 2530; NYPD DETECTIVE ANREW

ERATO; NYPD DETECTIVE DANIEL CRUZ; and RICHARD ROES, are and were at all times

relevant herein duly appointed and acting supervisory officers, servants, employees and agents of

THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the

training, retention, supervision, discipline and control of subordinate members of the police

department under their command.  Defendants NYPD DETECTIVE JAMES ROPENUS, Shield

No. 7636; CATHERINE ABEAR, Administrator of the estate of deceased NYPD Detective

Raymond Abear, Shield No. 3740; NYPD DETECTIVE SERGEANT CHRISTOPHER

DELMAR, Shield No. 4265; NYPD DETECTIVE DOUGLAS BISCARDI, Shield No. 116;

NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530; NYPD DETECTIVE

ANREW ERATO; NYPD DETECTIVE DANIEL CRUZ; and RICHARD ROES, are and were

at all times relevant herein acting under color of state law in the course and scope of their duties

and functions as supervisory officers, agents, servants, and employees of defendant THE CITY

OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in

them by THE CITY OF NEW YORK and the New York City Police Department, and were

otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants NYPD DETECTIVE JAMES ROPENUS,

Shield No. 7636; CATHERINE ABEAR, Administrator of the estate of deceased NYPD

Detective Raymond Abear, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER DELMAR,

5

Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS BISCARDI, Shield No. 116;

NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530; NYPD DETECTIVE

ANREW ERATO; NYPD DETECTIVE DANIEL CRUZ; and RICHARD ROES, are sued

individually.

12.     Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and MICHAEL

MOES, are and were at all times relevant herein duly appointed and acting officers, servants,

employees and agents of THE CITY OF NEW ROCHELLE and/or the New Rochelle Police

Department.  Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and MICHAEL

MOES, are and were at all times relevant herein acting under color of state law in the course and

scope of their duties and functions as officers, agents, servants, and employees of the THE CITY

OF NEW ROCHELLE and/or the New Rochelle Police Department, were acting for, and on

behalf of, and with the power and authority vested in them by THE CITY OF NEW ROCHELLE

and/or the New Rochelle Police Department, and were otherwise performing and engaging in

conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and MICHAEL MOES, are sued

individually.

13.     Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and PAUL POES,

are and were at all times relevant herein duly appointed and acting supervisory officers, servants,

employees and agents of the State of New York and/or the New York State Department of

Corrections and Community Supervision (DOCCS), an agency of the State of New York,

responsible for the training, retention, supervision, discipline and control of subordinate members

of DOCCS under their command.  Defendants NEW ROCHELLE DETECTIVE SEAN KANE;

and PAUL POES, are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant DOCCS, were acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NEW ROCHELLE DETECTIVE SEAN KANE; and PAUL POES, are sued individually.

<b><u>STATEMENT OF FACTS</u></b>

<u>**Events of February 4, 2019**</u>

14.     On or about 12:30 p.m. on February 4, 2019 Plaintiff (who is a black male) was unlawfully stopped and seized against his will, and without legal justification, on 116th Avenue near the intersection with 146th Street in Queens, NY, by Defendant ROPENUS and approximately five JOHN DOES other members of the NYPD.

15.     Defendant ROPENUS is assigned to the NYPD's Queens Special Victims Squad.

16.      Defendant ROPENUS and the JOHN DOES asked Plaintiff where he was coming from and where he was going, and told Plaintiff that the night before a woman had been assaulted by a black male wearing a similar coat (a black flight coat / bomber jacket) to the coat Plaintiff was wearing.

17.     Defendant ROPENUS and the JOHN DOES unlawfully pressured Plaintiff into handing over his identification and allowing them to take photographs of Plaintiff and his identification.

18.     Plaintiff was then permitted to go on his way.

7

19.     Defendant ROPENUS and the JOHN DOES also took notes during their interaction with Plaintiff.

**Events of February 8, 2019**

20.     On or about 8:30 p.m. on February 8, 2019, Plaintiff was then unlawfully stopped and seized against his will on Harrison Street near the intersection with Main Street in New Rochelle, NY, by Defendant KANE, a Detective (or other rank) in the New Rochelle Police Department.

21.     Plaintiff lives in New Rochelle, and knew Defendant KANE from a prior interaction.

22.     Detective KANE informed Plaintiff that there was a warrant for his arrest.

23.     On information and belief, that statement was a lie, and there was no warrant that had been issued for Plaintiff's arrest by any judge.  On information and belief, the NYPD had issued what is known as an i-card (an NYPD request within the NYPD or to other law enforcement agencies that someone be taken into custody, but which request has never been evaluated by any judge concerning any probable cause justification), and that i-card had been shared with the New Rochelle Police Department, who were requested to arrest Plaintiff on behalf of the NYPD.

24.     An i-card stating that Plaintiff was wanted by the NYPD for a rape that occurred on January 19, 2019 at 0001 hours (12:01 a.m.) was issued by the NYPD, and has been produced in this action at docket # 32-1 by counsel for NEW ROCHELLE and Defendant KANE.

25.     The i-card asks that anyone with information concerning Plaintiff notify Defendant ERATO, and lists Defendant CRUZ as the assigned investigator.

26.     Plaintiff told Defendant KANE that there was no warrant out for his arrest.

27.     Defendant KANE told Plaintiff that he needed to check Plaintiff's identification to make sure if there was or was not a warrant, and Plaintiff gave Defendant KANE his identification.

28.     Despite there being no legitimate legal justification for Plaintiff's arrest, Defendant KANE handcuffed Plaintiff.

29.     On information and belief, Defendant KANE did not contact Defendant ERATO, Defendant CRUZ, or anyone else at the NYPD, prior to arresting Plaintiff based on the mere fact that the NYPD indicated on the i-card that it wanted Plaintiff arrested.

30.     On information and belief, Defendant KANE arrested Plaintiff without knowledge of any facts that would establish probable cause, and without making any inquiry whatsoever concerning whether there was a lawful basis for the arrest.

31.     On information and belief, when he made the arrest of Plaintiff Defendant KANE did not even apprise himself of the limited facts known to the NYPD, which themselves fell far short of establishing probable cause.

32.     Defendant KANE handed Plaintiff off to a MICHAEL MOE member of the New Rochelle Police Department who arrived at the scene after Plaintiff was handcuffed by Defendant KANE, and the MICHAEL MOE then took Plaintiff to a New Rochelle Police Station in a car.

33.     Plaintiff asked the MICHAEL MOE what the alleged warrant contained, and the MICHAEL MOE responded that he did not know, except that it had to do with the NYPD's Queens Special Victims Unit (the proper name of the unit, on information and belief, is the NYPD Queens Special Victims Squad).

9

34.     At the New Rochelle Police Station Plaintiff was placed in a cell, and held there for approximately two hours.

35.     A box cutter that Plaintiff had in his possession, that had been taken from him by Defendants KANE and the MICHAEL MOE who transported him to the New Rochelle police station upon his arrest, has never been returned to Plaintiff.

36.     Detective ABEAR and another JOHN DOE member of the NYPD's Queens Special Victims Squad picked Plaintiff up from the New Rochelle Police Station and unlawfully brought Plaintiff in their custody to Queens (on information and belief, to the NYPD 112th Precinct) in an NYPD police car.

37.     At the precinct Plaintiff was placed into an interrogation room, and handcuffed to a wall.

38.     Detective ABEAR and the JOHN DOE then proceeded to question Plaintiff about Plaintiff's whereabouts, about Plaintiff's wife's home in Queens, and about an incident that occurred on January 19-20, 2019 that Plaintiff had no connection with, or knowledge of.

39.     Detective ABEAR and the JOHN DOE questioned Plaintiff nonstop for approximately three hours.

40.     Plaintiff was not in Queens on January 19-20, 2019, and the Defendants had no reasonable basis to believe that he was, or that he was involved in the commission of any crime on those dates.

41.     Detective ABEAR and the JOHN DOE unlawfully made Plaintiff unlock his cellular phone so that they could unlawfully inspect its contents.

42.     Detective ABEAR and the JOHN DOE then unlawfully took Plaintiff's cellular

10

phone out of the room.

43.     During the questioning Detective ABEAR falsely told Plaintiff that Plaintiff's semen had been found inside of a woman in relation to a sexual assault.

44.     After the approximately three hours in the interrogation room Plaintiff was informed by Detective ABEAR and the JOHN DOE that Plaintiff's wife had retained a lawyer, and that they were going to release Plaintiff.

45.     Plaintiff was ultimately released at approximately Noon on February 9, 2019, from the 112th precinct in Queens.

46.     When Plaintiff was released from the 112th Precinct his jacket and cell phone were not returned to him.

47.     Plaintiff's jacket and cell phone still have not been returned to him despite a number of phone calls Plaintiff made thereafter to Detectives ROPENUS and ABEAR, who told Plaintiff that his phone was being sent to a company to be unlawfully opened / accessed against his will, and, on information and belief, either without a warrant or with a warrant that was issued in the clear absence of probable cause and / or based upon misrepresentations by members of the NYPD.

48.     Property invoices were issued to Plaintiff by a Defendant DELMAR, and listed Detectives ABEAR and ROPENUS as the investigating Detectives.

49.     Supervisors listed on the property invoices were Detective Sergeant BISCARDI, and Detective Sergeant POON.

50.     During one of his telephone calls concerning his seized property, Plaintiff was told by either Detective ROPENUS or Detective ABEAR that a warrant had been issued for his

arrest by a judge named Tony Cimino, but no copy of that supposed warrant has ever been provided to Plaintiff.

51.     Plaintiff's cellular phone was an iPhone X, that cost Plaintiff approximately $1,300.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

52.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53.     By their conduct and actions in falsely arresting and imprisoning, assaulting and battering, unlawfully stopping, searching, and seizing, wrongfully prosecuting, abusing process against, violating the rights to due process and equal protection of, failing to intercede on behalf of, and fabricating an account and /or evidence with regard to,[2] Plaintiff and his property, Defendants NYPD DETECTIVE JAMES ROPENUS, Shield No. 7636; CATHERINE ABEAR, Administrator of the estate of deceased NYPD Detective Raymond Abear, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER DELMAR, Shield No. 4265; NYPD DETECTIVE

---

[2] Plaintiff notes that his claims for malicious prosecution, abuse of process, and fabrication of evidence are brought solely against the City of New York Defendants (the City of New York and its employee Defendants), and are only brought should it turn out to be the case (which Plaintiff believes was not the case) that an arrest warrant in fact had been obtained and / or that Plaintiff had been indicted or otherwise charged with a crime(s) prior to his arrest or at some other time in relation to the incidents referenced herein.  If, as Plaintiff believes to be the case, no arrest warrant was ever obtained for Plaintiff, and Plaintiff was never charged with any crime related to the incidents referenced herein, and there were no communications with the District Attorney's office that otherwise bear upon Plaintiff's arrest or otherwise on the incidents referenced herein, then Plaintiff will – following discovery – withdraw his claims for malicious prosecution, abuse of process, and fabrication of evidence at that time.

SERGEANT DOUGLAS BISCARDI, Shield No. 116; NYPD DETECTIVE SERGEANT

PEARL POON, Shield No. 2530; NYPD DETECTIVE ANREW ERATO; NYPD DETECTIVE

DANIEL CRUZ; NEW ROCHELLE DETECTIVE SEAN KANE; JOHN DOES; and

MICHAEL MOES, acting under color of law and without lawful justification, intentionally,

maliciously, and with a deliberate indifference to or a reckless disregard for the natural and

probable consequences of their acts, caused injury and damage in violation of Plaintiff's

constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution,

including its Fourth and Fourteenth amendments.

54.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily

injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise

damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

55.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

56.     By failing to remedy the wrongs committed by their subordinates, including but

not limited to failing to design and implement proper procedures to ensure the existence of

probable cause were in place for arrests requested to be made, and made, pursuant to i-cards

generally and concerning Plaintiff specifically, and in failing to properly train, screen, supervise,

or discipline their subordinates, supervisory officers Defendants NYPD DETECTIVE JAMES

ROPENUS, Shield No. 7636; CATHERINE ABEAR, Administrator of the estate of deceased

NYPD Detective Raymond Abear, Shield No. 3740; NYPD DETECTIVE CHRISTOPHER

DELMAR, Shield No. 4265; NYPD DETECTIVE SERGEANT DOUGLAS BISCARDI, Shield

No. 116; NYPD DETECTIVE SERGEANT PEARL POON, Shield No. 2530; NYPD

DETECTIVE ANREW ERATO; NYPD DETECTIVE DANIEL CRUZ; NEW ROCHELLE

DETECTIVE SEAN KANE; RICHARD ROES; and PAUL POES, caused damage and injury in

violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States

Constitution, including its Fourth and Fourteenth amendments.

57.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily

injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise

damaged and injured.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK AND THE CITY OF NEW ROCHELLE FOR CONSTITUTIONAL VIOLATIONS

58.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

59.     At all times material to this complaint, defendants THE CITY OF NEW YORK

and THE CITY OF NEW ROCHELLE, acting through their police departments, and through the

individual defendants had de facto policies, practices, customs and usages which were a direct

and proximate cause of the unconstitutional conduct alleged herein.

60.     At all times material to this complaint, defendants THE CITY OF NEW YORK

and THE CITY OF NEW ROCHELLE, acting through their police departments, and through the

individual defendants, had de facto policies, practices, customs, and usages of failing to properly

14

train, screen, supervise, or discipline employee police officers, and of failing to inform the

individual defendants' supervisors of their need to train, screen, supervise or discipline said

defendants.  These policies, practices, customs, and usages were a direct and proximate cause of

the unconstitutional conduct alleged herein.

61.    At all times material to this complaint, the defendants THE CITY OF NEW

YORK and THE CITY OF NEW ROCHELLE, acting through their police departments and

through the individual defendants, had de facto policies, practices, customs and/or usages of

encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers'

misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall

of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of

the unconstitutional conduct alleged herein.

62.    At all times material to this complaint, the defendants THE CITY OF NEW

YORK, acting through its police department and through the individual defendants, had de facto

policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive

stops and frisks, arrests, and i-card issuances, which are implemented disproportionately upon

black and Latino / Latina young men.  Such policies, practices, customs and/or usages are a direct

and proximate cause of the unconstitutional conduct alleged herein.

63.    At all times material to this complaint, the defendants THE CITY OF NEW

YORK and THE CITY OF NEW ROCHELLE, acting through their police departments and

through the individual defendants, had de facto policies, practices, customs and/or usages of

treating i-cards or other similar requests within or between law enforcement agencies to

apprehend an individual as though they were judicially signed arrest warrants, even though the i-

cards and other similar requests were never reviewed by or approved by any judicial officer. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

64.     At all times material to this complaint, the defendant CITY OF NEW ROCHELLE, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of making arrests based solely upon the issuance of i-cards by the NYPD (or other similar non-warrant arrest requests from other police agencies) without making any inquiry whatsoever as to the purported probable cause justification for the warrantless arrests.61. At all times material to this complaint, the defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE, acting through their police departments and through the individual defendants, had de facto policies, practices, customs and/or usages of unlawfully seizing and searching arrestees' property and not returning it to the arrestee.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

65.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## **FOURTH CLAIM**

### **RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND CITY OF NEW ROCHELLE FOR STATE LAW VIOLATIONS**

66.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16

67.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City and New Rochelle police officers / supervisors, and/or while they were acting as agents and employees of defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE, and, as a result, defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE are liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

68.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

69.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

17

## SIXTH CLAIM

### ASSAULT AND BATTERY

72.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

74.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### NEGLIGENCE

75.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

76.     The defendants, jointly and severally, negligently - including but not limited to negligence in conducting an investigation, and negligence in the issuance of the i-card and the arrest made pursuant to the i-card, and in designing and implementing the policies related to same - caused injuries and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily

injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

78.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79.     Defendants THE CITY OF NEW YORK and THE CITY OF NEW ROCHELLE negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### CONSTITUTIONAL TORT

81.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

82.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11[3] and 12 of the New York State Constitution.

_____

3 Claims pursuant to Article I § 11 of the New York State Constitution are brought only against the New York City Defendants (the City of New York and its employee Defendants).

83.     A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

84.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

85.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.     The defendants willfully, wrongfully and unlawfully trespassed upon the property and person of plaintiff.

87.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### ABUSE OF PROCESS[4]

88.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.

20

The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## **TWELFTH CLAIM**

---

4 See Footnote 2, supra.

## MALICIOUS PROSECUTION[5]

91.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

92.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONVERSION / REPLEVIN

94.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

95.    Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

---

5 See Footnote 2, *supra*.

96.     Plaintiff demands that his property be returned to him forthwith.

97.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**FOURTEENTH CLAIM**

**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

98.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

99.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

100.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered bodily injury, pain and suffering, emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  The immediate return of his property;

      f.  Such other and further relief as this court may deem appropriate and equitable.


Dated:      New York, New York
            June 22, 2021

                                          __/S/__ Jeffrey A. Rothman_____
                                          JEFFREY A. ROTHMAN, Esq.
                                          Law Office of Jeffrey A. Rothman
                                          305 Broadway, Suite 100
                                          New York, New York 10007
                                          (212) 227-2980

                                          Attorney for Plaintiff